ORDER

PER CURIAM.
J.M.B. appeals orders entered in three separate circuit court proceedings in which he was found to be a delinquent child. Trial counsel moved this court to consolidate the appeals, stating that the issues in the three cases are related and that it would be in the interest of judicial and legal economy that they be consolidated. This court denied the motions without prejudice to the filing of amended motions *354 which state with specificity the form of consolidation sought. The amended motions are now before the court.
The appellate courts of this state, unlike the trial courts, do not have a rule of procedure relating to consolidation of proceedings. See Fla.R.Civ.P. 1.270; Fla. R.Crim.P. 3.151. In practice, consolidation of appeals takes several basic forms in this court. The cases may be consolidated “for all purposes”, which means there will be a single record on appeal and a single set of briefs. There may be instances where different parties seek relief and the consolidated briefing will include a point or points on cross-appeal.
Cases may also be consolidated only for purposes of the record, which allows the parties to rely on a single record but the appeals are separately briefed. A variation of this may occur where cases are partially consolidated for the record. For example, in proceedings involving the same parties or the same issue, the trial court might hold a single hearing relating to two or more cases even though the lower tribunal files were otherwise separate. In the appropriate instance the parties would be allowed to rely on a single copy of the transcript of that hearing. Partial consolidation for the record might also be ordered where a party has appealed a merits order and separately a subsequently-entered order, such as one disposing of a motion for attorney’s fees. The record on appeal in the second appeal could include the entire record for the first appeal plus any additional record created in the trial forum relating to the attorney’s fee issue.
As a third option, cases with independent records which have identical issues may be consolidated only for briefing. A fourth form of consolidation is referred to by this court as “travel together”, which simply means that the cases are assigned to the same panel of judges at the same time. This is employed when the cases are factually or legally related in some fashion but they remain separate for records and briefing, and is utilized to maximize this court’s judicial resources and ensure consistent outcomes. Cases may also be consolidated for oral argument, issuance of an opinion, or both.
Consolidation of cases is undertaken by this court on a case-by-case basis. It is incumbent upon counsel for the parties to recognize that consolidation takes different forms and each remedy (including not consolidating the cases at all) has certain advantages and disadvantages.[1] A motion which simply states that consolidation is sought of two or more cases, without more, does not adequately inform the court of the relief sought. Additionally, once cases are consolidated, any party seeking other relief by motion must inform this court how the requested relief would impact each of the consolidated cases. For example, a motion to supplement the record should specify to which case or cases the supplemental record would apply.[2]
In the amended motions for consolidation of these three cases, counsel represents that consolidation is sought for all appellate purposes. Separate records have been filed in the cases, however, and *355 therefore that relief is not appropriate. We accordingly grant the motions in part and consolidate the cases for briefing. The cases shall remain separate for the records unless it later appears that consolidation for a portion of the record, such as a hearing transcript, is appropriate, in which case appellant may then move for that relief. The cases will be assigned to the same panel of judges for disposition.
MINER, ALLEN and WEBSTER, JJ, concur.

. Consolidated cases will generally be assigned to the same panel of judges for disposition on the merits at the same time. If consolidation would result in unacceptable delay in the assignment of an earlier-matured case or cases, it may not be appropriate.

. When a party seeks consolidation of cases, separate motions should be filed in each case involved. After cases have been consolidated for all purposes, a motion should list all cases in the caption but the text of the motion should precisely state the relief sought. Where cases have been consolidated Cor the record and a motion is filed relating to the record, or where cases have been consolidated for briefing and a motion is filed relating to briefs (including a motion for extension of time), the motion should list all case numbers in the caption. However, other motions in cases consolidated for the record or briefing should be captioned as being filed in a specific case. When cases have been ordered to travel together, motions will generally be separate in each case.