DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*January Term 2014*

**RICKARDO STEPHENS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-4523

[July 2, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 2012CF003790AXX.

Rickardo Stephens, Arcadia, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

Rickardo Stephens appeals the trial court's denial of his pro se motion to withdraw plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(*l*). Prior to the court's ruling on Stephens' motion, his counsel withdrew on the grounds of conflict. Although Stephens requested that the court appoint him conflict-free counsel in his motion, the court summarily denied it without appointing conflict-free counsel. We find error and reverse.

Rule 3.170(*l*) provides for a motion to withdraw plea within thirty days after sentencing on grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)a-e. A motion to withdraw plea is considered a critical stage of a criminal proceeding, and thus a defendant is entitled to counsel. *Schriber v. State*, 959 So. 2d 1254, 1256 (Fla. 4th DCA 2007). Accordingly, the court erred in considering Stephens' motion without first

appointing conflict-free counsel.[1]  We reverse and remand, directing the trial court to appoint conflict-free counsel to assist Stephens in drafting his motion.  The trial court may then determine whether to summarily deny the motion or to hold an evidentiary hearing.

*Reversed and Remanded.*

WARNER and MAY, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

---

[1]  Had Stephens' counsel not withdrawn, our analysis would be different. Under such a scenario, so long as the motion alleged an adversarial relationship between Stephens and his counsel, the trial court would have been required to "hold a limited hearing" to determine whether "an adversarial relationship between counsel and the defendant has arisen" and thus whether Stephens was entitled to new, conflict-free counsel. *Sheppard v. State*, 17 So. 3d 275, 287 (Fla. 2009); *see also Nelfrard v. State*, 34 So. 3d 221, 223 (Fla. 4th DCA 2010).