IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES H. TIPLER,

      Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

      CASE NO. 1D13-4408

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed November 4, 2014.

An appeal from the Circuit Court for Okaloosa County.
T. Patterson Maney, Judge.

Michael Ufferman, Tallahassee for Appellant.

Pamela Jo Bondi, Attorney General, and Joshua R. Heller, Assistant Attorney General, Tallahassee for Appellee.

FENSOM, JAMES B., Associate Judge.

      Appellant James H. Tipler appeals an order denying his motion to withdraw plea after sentencing. Because Appellant was denied the assistance of counsel during a critical stage of the proceeding, we reverse.

I.

      Appellant was charged with (1) conduct or participation in an enterprise

through a pattern of racketeering activity (RICO); (2) use or investment of proceeds from a pattern of racketeering activity; and (3) two counts of practicing law while disbarred or suspended. On June 7, 2013, pursuant to his negotiated nolo contendre plea, Appellant was adjudicated guilty on one count of racketeering and one count of practicing law while disbarred, and sentenced to eighty months incarceration, followed by eight years probation.

On July 2nd, Appellant presented a pro se motion to withdraw plea to prison officials for mailing, which was filed by the Clerk of Court on July 8th. In the motion, Appellant asserted that his trial counsel gave him misadvice regarding the correctional institution in which he would be incarcerated. Appellant explicitly stated that he was not assisted by counsel in preparation of the motion, and requested permission to amend his motion once he regained such assistance.

On July 3rd, Appellant's trial counsel from the Law Office of Taylor & Taylor, P.A. (collectively "Taylor") filed a motion to withdraw as counsel of record. The trial court granted Taylor's motion the day it was filed. More than a month later, on August 6th, the trial court denied Appellant's motion to withdraw plea without holding a hearing or appointing counsel. Appellant timely appealed.

II.

Constitutional issues are reviewed by appellate courts using a two-step

2

approach: "deferring to the trial court on questions of historical fact[1] but conducting a de novo review of the constitutional issue." See Joe v. State, 66 So. 3d 423, 425 (Fla. 4th DCA 2011) (quoting Connor v. State, 803 So. 2d 598, 605 (Fla. 2001)).

Once a plea has been formally accepted and a sentence rendered, a defendant has thirty days to file a motion to withdraw the plea. See Fla. R. Crim. P. 3.170(l). Florida law recognizes that a 3.170(l) motion is a "critical stage" of a proceeding, entitling the defendant to the Sixth Amendment right to representation and assistance of counsel. See Pagan v. State, 110 So. 3d 3, 5 (Fla. 2d DCA 2012).

Because Appellant was completely denied representation and assistance with regard to his motion to withdraw plea, reversal is required. See Stephens v. State, 141 So. 3d 701, 702 (Fla. 4th DCA 2014) (reversing summary denial of a motion to withdraw plea because the appellant's counsel withdrew prior to the court's ruling on the motion). See also Jones v. State, 74 So. 3d 118, 123 n.5 (Fla. 1st DCA 2011); Schriber v. State, 959 So. 2d 1254, 1257 (Fla. 4th DCA 2007) ("[T]he thirty-day window provided in Rule 3.170(l) is a critical stage of the criminal proceedings and it would be hollow indeed if the defendant were not allowed the

---

[1] This deference does not fully apply where, as here, "the findings are based on evidence other than live testimony, since such evidence is as available to the appellate court as it was to the trial court." See Joe v. State, 66 So. 3d 423, 425 (Fla. 4th DCA 2011) (quoting Parker v. State, 873 So. 2d 270, 279 (Fla. 2004)) (internal quotation marks omitted).

3

guiding hand of counsel to assist in preparing the initial motion to withdraw the plea.").

The State asserts that any error was harmless because Appellant's allegations were conclusively refuted by the record. See Nelfrard v. State, 34 So. 3d 221, 223–24 (Fla. 4th DCA 2010). However, Nelfrard is founded on Sheppard v. State, in which the Florida Supreme Court provided a narrow exception to the bright-line rule against *hybrid* representation. 17 So. 3d 275, 287 (Fla. 2009). Here, Appellant was effectively unrepresented,[2] and therefore Sheppard and Nelfrard are inapplicable.[3] See Stephens, 141 So. 3d at 702.

---

[2] Although Appellant had counsel of record (Taylor) when he drafted his pro se motion, Appellant explicitly stated that he was not assisted in its preparation. Further, while Appellant was technically represented up until the day that he handed the motion to withdraw plea to the prison officials, he was not represented by the time the motion was officially filed, considered, or summarily denied by the court. The trial court must have been aware of this fact, as the Order Denying Motion to Withdraw Plea of Convenience was only served upon Appellant, individually.

[3] As noted by the Fourth District:

> Had [the defendant's] counsel not withdrawn, our analysis would be different. Under such a scenario, so long as the motion alleged an adversarial relationship between [the defendant] and his counsel, the trial court would have been required to "hold a limited hearing" to determine whether "an adversarial relationship between counsel and the defendant has arisen" and thus whether [the defendant] was entitled to new, conflict-free counsel.

Stephens, 141 So. 3d at 702 n.1 (citing Sheppard, 17 So. 3d at 287; Nelfrard, 34 So. 3d at 223).

4

We do not address the merits of Appellant's motion. Instead, we simply find that Appellant should have been given the opportunity to be assisted by counsel *before* its merits were considered. See id. Accordingly, we hold that because Appellant was not represented during the preparation or consideration of his pro se motion to withdraw plea after sentencing, he was denied his constitutional right to assistance of counsel at this critical stage of the proceeding. See Taylor v. State, 87 So. 3d 749, 758 (Fla. 2012) ("The Sixth Amendment of the United States Constitution guarantees the right to effective assistance of counsel at all critical stages of a criminal prosecution."), reh'g denied (May 7, 2012); Wofford v. State, 819 So. 2d 891, 892 (Fla. 1st DCA 2002) ("[D]enial of the Sixth Amendment right to counsel is per se reversible error.").

### III.

For these reasons, the trial court's order denying Appellant's motion to withdraw plea is REVERSED and REMANDED for the trial court to appoint counsel to assist Appellant in drafting his motion.

VAN NORTWICK, J., CONCURS. OSTERHAUS, J., DISSENTS WITH OPINION.

OSTERHAUS, J., dissenting

I respectfully dissent and would not remand this case because the record conclusively refutes the allegations in Mr. Tipler's motion to withdraw plea. See Johnson v. State, 22 So. 3d 840, 845 (Fla. 1st DCA 2009) (finding harmless error in the trial court's summary denial of a motion to withdraw plea because the motion's allegation was conclusively refuted by the record); Gumbs v. State, 143 So. 3d 1160, 1164 (Fla. 4th DCA 2014) (noting that if the record did not conclusively refute a defendant's allegations, then he was entitled to an evidentiary hearing).

Mr. Tipler sought to withdraw his plea after he was sentenced because allegedly the State broke a promise and one of his attorneys misadvised him regarding his chances of serving the sentence at the correctional institution of his choice. The motion reckoned his plea involuntary because he had "a promise extracted from the State, as a critical part of the plea agreement, . . . not to oppose placement at the prison of Defendant's choosing" near Panama City. As it turned out, however, the Department of Corrections (DOC) did not place Mr. Tipler at the institution of his choice, but at an institution near Pensacola. Mr. Tipler's motion asserted that the State created an "expectation of placement that was false and fraudulent." And he blamed one of his trial attorneys (he claimed to have three

6

retained lawyers) for mistaken advice because it was "impossible" for him to be placed at his preferred institution.

The transcript of the plea hearing refutes Mr. Tipler's allegations of coercion and mistaken advice regarding his placement. His placement was addressed at the plea hearing where defense counsel specifically asked the court *to recommend* a placement near Panama City: "The State is not going to oppose our requesting a designation *recommendation* to [DOC] that he be placed in Panama City Correctional Institution. *Understanding that's simply a recommendation.*" (Emphasis added). Later at the hearing, the State requested that the Court specifically ask Mr. Tipler "if there's anyone . . . who made threats or promises to him, other than what he's heard here in court on these recommendations, that caused him to enter this plea, first; and secondly, if the Defendant is satisfied with advice and representation of his counsel." In turn, the Court confirmed with Mr. Tipler himself that he wasn't coerced or promised anything, and that he was satisfied with his attorney. Only then did the Court recommend a placement, without State opposition, as follows: "The Court *recommends* that the Defendant be allowed to serve any incarceration at the Florida [DOC] in Panama City . . . Bay Correctional Institute." (Emphasis added).[4] Through all of this, no one—not

---

[4] Mr. Tipler's *pro se* motion to withdraw plea motion further conceded that he understood the nature of the trial court's action at the plea hearing: "Defendant heard that the Court's recommendation was just that."

7

defense counsel, the State, the trial court, or Mr. Tipler himself—referred to either a promise or an expectation of a specific placement, but only to a "recommended" placement.

Under these circumstances, I think the trial court's decision not to hold a hearing was a harmless error because the record conclusively refutes Mr. Tipler's allegations of coercion and mistaken advice regarding his placement. I would affirm.