# Supreme Court of Florida

_____

No. SC15-98

_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE.**

[September 17, 2015]

PER CURIAM.

We have for consideration the regular-cycle report of proposed amendments to the Florida Rules of Juvenile Procedure filed by The Florida Bar's Juvenile Court Rules Committee (Committee).  See Fla. R. Jud. Admin. 2.140(b)(4).  We have jurisdiction[1] and amend the rules as proposed.

## BACKGROUND

The Committee proposes amendments to Florida Rules of Juvenile Procedure 8.075 (Pleas); 8.165 (Providing Counsel to Parties); 8.315 (Arraignments and Prehearing Conferences); 8.332 (Order Finding Dependency); and 8.345 (Post-Disposition Relief).  The Committee proposes adding to Part V

_____

1.  See art. V, § 2(a), Fla. Const.

(Other Proceedings) new subpart C (Truancy Proceedings) to include new rules 8.850–8.870. The Committee also proposes the deletion of Forms 8.962 (Motion for Injunction) and 8.963 (Injunction Order) because it determined they are inconsistent with section 39.504, Florida Statutes, as amended by chapter 2012-178, Laws of Florida, and replacement forms are not necessary. The Board of Governors of The Florida Bar unanimously approved the proposals. Consistent with rule 2.140(b)(2), the Committee published the proposals for comment before filing them with the Court. The Committee received one comment and revised the proposed amendments to rule 8.870(b)(1) (Truancy Proceedings; Order; Other Sanctions) based on that comment. The Committee published the revised amendments but did not receive any additional comments. The Court also published all proposals for comment. No comments were filed with the Court.

## AMENDMENTS

All the amendments are straightforward and noncontroversial. Therefore, we discuss only the more significant amendments below.

In rule 8.075 (Pleas), subdivision (e) (Withdrawal of Plea) has been renamed "Withdrawal of Plea Before Disposition" to distinguish it from new subdivision (f) (Withdrawal of Plea After Disposition). New subdivision (f) allows a child to withdraw a plea of guilty or nolo contendere within 30 days of rendition on specified grounds. This change is intended to conform the juvenile rule to Florida

Rule of Criminal Procedure 3.170(*l*) (Motion to Withdraw the Plea after Sentencing).

In rule 8.165 (Providing Counsel to Parties), subdivision (b)(3) (Waiver of Counsel) has been amended to clarify that the attorney assigned by the court to assist a child who is waiving counsel must verify on the written form and on the record that the child's decision to waive counsel has been discussed with the child and appears to be knowing and voluntary.

The amendments to rules 8.315 (Arraignments and Prehearing Conferences) and 8.332 (Order Finding Dependency) are intended to create uniformity throughout the State in situations in which a court finds a child dependent based on one parent's plea, but allegations regarding the other parent remain unresolved. The Committee reports that some circuit courts will not enter a finding of dependency based on one parent's plea and will not proceed to disposition when the allegations regarding the other parent remain unresolved. However, some courts will enter an order finding dependency based on one parent, proceed to disposition, and reserve ruling on findings of dependency regarding the other parent until a later date. The amendments to rules 8.315 and 8.332 are consistent with the latter approach, which is preferred by the Committee because it should prevent delays to permanency for children.

New subpart C (Truancy Proceedings) has been added to Part V (Other Proceedings) of the rules. This new set of rules, rules 8.850–8.870, governs truancy proceedings under section 984.151, Florida Statutes (2014). See Stockwell v. State, 122 So. 3d 585, 589 (Fla. 2d DCA 2012) (noting the lack of rules governing truancy proceedings).

**CONCLUSION**

Accordingly, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2016, at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Robert William Mason, Chair, Juvenile Court Rules Committee, Deborah Anne Schroth, Past Chair, Juvenile Court Rules Committee, Jacksonville, Florida; John F. Harkness, Jr., Executive Director, Gregory A. Zhelesnik, Bar Staff Liaison, and Ellen H. Sloyer, Senior Rules Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

**RULE 8.075.        PLEAS**

No written answer to the petition nor any other pleading need be filed. No child, whether represented by counsel or otherwise, shall be called upon to plead until he or she has had a reasonable time within which to deliberate thereon.

**(a) – (d)      [No Change]**

**(e)      Withdrawal of Plea Before Disposition.** The court may in its discretion for good cause shown at any time prior to the beginning of a disposition hearing permit a plea of guilty or nolo contendere to be withdrawn, and if a finding that the child committed a delinquent act has been entered thereon, set aside such finding and allow another plea to be substituted for the plea of guilty or nolo contendere. In the subsequent adjudicatory hearing the court shall not consider the plea which was withdrawn as an admission.

**(f)      Withdrawal of Plea After Disposition.** A child who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within 30 days after rendition of the disposition, but only on the grounds that

> (1)      the lower tribunal lacked subject matter jurisdiction;
>
> (2)      there has been a violation of the plea agreement;
>
> (3)      the plea was involuntary;
>
> (4)      there has been a sentencing error; or
>
> (5)      as otherwise provided by law.

**(fg)      Withdrawal of Plea After Drug Court Transfer.** A child who pleads guilty or nolo contendere to a charge for the purpose of transferring the case, ~~under section 910.035, Florida Statutes~~as provided by law, may file a motion to withdraw the plea upon successful completion of the juvenile drug court treatment program.

**RULE 8.165.      PROVIDING COUNSEL TO PARTIES**

**(a)      [No Change]**

**(b)      Waiver of Counsel.**

(1)-(2)      [No Change]

(3)      If the child is entering a plea to or being tried on an allegation of committing a delinquent act, the written waiver shall also be submitted to the court in the presence of a parent, legal custodian, responsible adult relative, or attorney assigned by the court to assist the child~~,~~. ~~who~~The assigned attorney shall verify on the written waiver and on the record that the child's decision to waive counsel has been discussed with the child and appears to be knowing and voluntary.

(4)-(5)      [No Change]

**RULE 8. 315.      ARRAIGNMENTS AND PREHEARING CONFERENCES**

**(a)      Arraignment.**

(1)      Before the adjudicatory hearing, the court ~~shall~~must conduct a hearing to determine whether an admission, consent, or denial to the petition shall be entered, and whether the parties are represented by counsel or are entitled to appointed counsel as provided by law.

(2)      If an admission or consent is entered and no denial is entered by any other parent or legal custodian, the court must enter a written order finding dependency based on the allegations of the dependency petition by a preponderance of the evidence. The court shall schedule a disposition hearing to be conducted within 15 days. If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law and appoint counsel when required.

(3)      If one parent enters an admission or consent and the other parent who is present enters a denial to the allegations of the dependency petition, the court must enter a written order finding dependency based on the allegations of the dependency petition that pertain to the parent who enters an admission or consent by a preponderance of the evidence. The court must then reserve ruling on whether the parent who entered the denial contributed to the dependency status of the child pursuant to the statutory definition of a dependent child until the parent

- 6 -

enters an admission or consent to the dependency petition, the court conducts an adjudicatory hearing, or the issue is otherwise resolved.

(4) If one parent enters an admission or consent and the identity or location of the other parent is unknown, the court must enter a written order finding dependency based on the allegations of the dependency petition by a preponderance of the evidence. The court must then reserve ruling on whether the parent whose identity or location is unknown contributed to the dependency status of the child pursuant to the statutory definition of a dependent child until the parent enters an admission or consent to the dependency petition, the court conducts an adjudicatory hearing, or the court proceeds as provided by law regarding a parent whose identity or location is unknown.

(5) If the court enters a written order finding dependency, ~~T~~the court ~~shall~~must schedule a disposition hearing to be conducted within 15 days. If a denial is entered, the court ~~shall~~must set an adjudicatory hearing within the period of time provided by law and appoint counsel when required.

**(b)** **[No Change]**

**(c)** **Prehearing Conference.** Before any adjudicatory hearing, the court may set or the parties may request that a prehearing conference be held to determine the order in which each party may present witnesses or evidence, ~~and~~ the order in which cross-examination and argument shall occur, and any other matters that may aid in the conduct of the adjudicatory hearing to prevent any undue delay in the adjudicatory hearing. The court may also enter findings on the record of any stipulations entered into by the parties and consider any other matters that may aid in the conduct of the adjudicatory hearing.

**(d)** **Status Hearing.** Within 60 days of the filing of the petition, a status hearing ~~shall~~must be held with all parties present unless an adjudicatory or disposition hearing has begun. Subsequent status hearings ~~shall~~must be held every 30 days unless an adjudicatory or disposition hearing has begun.

## RULE 8.332.        ORDER FINDING DEPENDENCY

**(a)** **Finding of Dependency.** In all cases in which dependency is established, the court ~~shall~~must enter a written order stating the legal basis for a finding of dependency, specifying the facts upon which the finding of dependency is based, and stating whether the court made the finding by a preponderance of the

evidence or by clear and convincing evidence. The court ~~shall~~<u>must</u> include the dates of the adjudicatory hearing, if any, in the order.

**(b)     Adjudication of Dependency.**

(1)     If the court finds that the child named in the petition is dependent, the court ~~shall~~<u>must</u> enter an order adjudicating the child dependent if the child is placed or will continue to be placed in an out-of-home placement. ~~The court may enter an order adjudicating the child dependent if the child remains in or is returned to the home.~~<u>Following a finding of dependency,</u> ~~T~~<u>t</u>he court ~~shall~~<u>must</u> ~~conduct~~<u>schedule</u> a disposition hearing <u>within 30 days after the last day of the adjudicatory hearing pursuant to these rules</u>.

(2)     <u>If the court enters findings that only one parent contributed to the dependency status of the child but allegations of dependency remain unresolved as to the other parent, the court must enter a written order finding dependency based on the allegations of the dependency petition concerning the one parent. The court must then reserve ruling on findings regarding the other parent based on the unresolved allegations until the parent enters an admission or consent to the dependency petition, the court conducts an evidentiary hearing on the findings, the court proceeds as provided by law regarding a parent whose identity or location is unknown, or the issue is otherwise resolved.</u>

(3)     <u>The court may enter an order adjudicating the child dependent if the child remains in or is returned to the home.</u>

(4)     <u>For as long as a court maintains jurisdiction over a dependency case, only one order adjudicating each child in the case dependent shall be entered. This order establishes the legal status of the child for purposes of proceedings under Chapter 39, Florida Statutes, and may be based on the conduct of one parent, both parents, or a legal custodian. With the exception of proceedings pursuant to a termination of parental rights, the child's dependency status may not be retried or readjudicated. All subsequent orders finding that a parent contributed to the dependency status of the child shall supplement the initial order of adjudication.</u>

**(c)     Withhold of Adjudication of Dependency.**

(1)     If the court finds that the child named in the petition is dependent, but finds that no action other than supervision in the child's home is required, it may enter an order briefly stating the facts on which its finding is

based, but withholding an order of adjudication and placing the child in the child's home under the supervision of the department. The department ~~shall~~must file a case plan and the court ~~shall~~must review the case plan pursuant to these rules.

(2)     If the court later finds that the parents of the child have not complied with the conditions of supervision imposed, including the case plan, the court may, after a hearing to establish the noncompliance, but without further evidence of the state of dependency, enter an order of adjudication and shall thereafter have full authority under this chapter to provide for the child as adjudicated. If the child is to remain in an out-of-home placement by order of the court, the court must adjudicate the child dependent. If the court adjudicates the child dependent, the court ~~shall~~must then conduct a disposition hearing.

**(d)     Failure to Substantially Comply.** The court ~~shall~~must advise the parents that, if the parents fail to substantially comply with the case plan, their parental rights may be terminated and the child's out-of-home placement may become permanent.

**(e)     Inquiry Regarding Relatives for Placement.** If the child is in out-of-home ~~placement~~care, the court ~~shall~~must inquire of the parent or parents whether the parent or parents have relatives who might be considered as placement for the child. The parent or parents ~~shall~~must provide to the court and all parties identification and location information for the relatives.

**RULE 8.345.     POST-DISPOSITION RELIEF**

**(a)     Motion for Modification of Placement.** A child who has been placed in his or her own home, in the home of a relative, or in some other place, under the supervision or legal custody of the department, may be brought before the court by the department or any interested person on a motion for modification of placement. If neither the department, the child, the parents, the legal custodian, nor any appointed guardian ad litem or attorney ad litem object to the change, then the court may enter an order making the change in placement without a hearing. If the department, the child, the parents, the legal custodian, or any appointed guardian ad litem or attorney ad litem object to the change of placement, the court shall conduct a hearing and thereafter enter an order changing the placement, modifying the conditions of placement, continuing placement as previously ordered, or placing the child with the department or a licensed child-caring agency.

(1)-(2)    [No Change]

**(b)    [No Change]**

## PART V.    OTHER PROCEEDINGS

## A.-B. [NO CHANGE]

## C.    TRUANCY PROCEEDINGS

## RULE 8.850.    APPLICABILITY

These rules apply to proceedings instituted under section 984.151, Florida Statutes.

## RULE 8.855.    COMMENCEMENT OF PROCEEDINGS

**(a)    Petition to Be Filed.** Proceedings to determine or enforce truancy actions under this section must be commenced by filing a petition in the circuit court in the circuit in which the student is enrolled.

**(b)    Jurisdiction.** While original jurisdiction to hear a truancy petition shall be in the circuit court, a general or special magistrate may be used in these proceedings, pursuant to Supreme Court rules.

**(c)    Summons.** Upon the filing of a petition, the clerk shall issue a summons to the parent, guardian, or legal custodian of the student, or if the student is in foster care, the case manager, directing that person and the student to appear for a hearing at a time and place specified in the summons.

## RULE 8.860.    PETITION

**(a)    Contents.** The petition shall include:

(1)    The name, age, and address of the student;

(2)    The name and address of the student's parent, guardian, or legal custodian and, if the student is in foster care, the case manager;

(3)     The name and address of the school in which the student is enrolled;

(4)     A statement that outlines the efforts the school has made to get the student to attend school;

(5)     The number of out of school contacts between the school system and the student's parent, guardian, or legal custodian; and

(6)     The number of days, by date, the student has missed school.

**(b)     Sworn by Superintendent.** The petition shall be sworn to by the superintendent of the school system involved or his or her designee.

## RULE 8.865.     HEARINGS

**(a)     Time Requirements.** Once the petition is filed, the court shall hear the petition within 30 days.

**(b)     Attendance Required.** The student and the student's parent, guardian, or legal custodian or, if the student is in foster care, the case manager, shall attend the hearing.

## RULE 8.870.     ORDER

**(a)     Requirement to Attend School.** If the court determines that a student did miss any of the alleged days, the court shall order the student to attend school and the parent, guardian, legal custodian, or, if the student is in foster care, the case manager, to ensure that the student attends school.

**(b)     Other Sanctions.** If the court determines that a student did miss any of the alleged days, the court may order any of the following:

(1)     The student to participate in alternative sanctions to include mandatory attendance at alternative classes to be followed by mandatory community service hours for up to six months;

(2)     The student or the student's parent, guardian, or legal custodian, to participate in homemaker or parent aide services;

(3)    The student or the student's parent, guardian, or legal custodian to participate in and complete intensive crisis counseling and/or community mental health services;

(4)    The student and the student's parent, guardian, or legal custodian to participate in services provided by voluntary or community agencies as available;

(5)    The student or the student's parent, guardian, or legal custodian to participate in vocational, job training, or employment services.

**(c)    Referral to Case Staffing Committee.** If the student does not successfully complete the sanctions ordered, the case shall be referred to the case staffing committee, with a recommendation to file a child in need of services petition under Chapter 984, Florida Statutes.

**(d)    Participation by Parent, Guardian, Legal Custodian, or Student.** The parent, guardian, or legal custodian and the student shall participate as ordered or required by the court, in any sanction or services ordered pursuant to this rule.

**(e)    Enforcement by Contempt.** The court shall enforce such requirements through its contempt power, pursuant to Chapter 984, Florida Statutes.

**FORM 8.962.       MOTION FOR INJUNCTION**

VERIFIED MOTION FOR CHAPTER 39 INJUNCTION FOR PROTECTION AGAINST ANY ACT OF CHILD ABUSE OR DOMESTIC VIOLENCE

Movant ( ) Department of Children and Family Services ( ) law enforcement officer ( ) state attorney ( ) responsible person ( ) the court on its own motion, .....(name)....., .....(address)....., requests this court under section 39.504, Florida Statutes, to issue an injunction against Respondent, .....(name)....., .....(address)......

1.      The minor child(ren) subject to this request is/are:

Name                      Birth date
………………..     ……….
………………..     ……….
………………..     ……….
………………..     ……….

2.      Reasonable cause for the issuance of an injunction exists based on the following …..(evidence of child abuse or domestic violence and/or recent overt act(s) or failure(s) to act that provide a reasonable likelihood that such abuse or offense will occur)…..

3.      …..   Respondent, …..(name)….. was noticed of the hearing on this motion on …..(date)…..

…..   Movant requests that an injunction be issued without notice to Respondent because the children are in imminent danger in that …..(explain why there would be immediate danger and irreparable harm if Respondent is given notice)…..

4.      Respondent, …..(name and address)….. can be identified by the following:

Race …..   Gender .....   Male …..   Female …..
Birth date …..  Ht …..   Wt …..
Eye color …..   Hair color ……
Distinguishing marks or scars ………………..
Vehicle:  Make, Model, and year …………………
Color …………………..

Tag number ………………..

Wherefore, Movant requests that the court enter an injunction under Chapter 39, Florida Statutes, to protect the minor child(ren) against any act of abuse or domestic violence and order Respondent to do the following:

….. a. Refrain from any further child abuse of the minor child(ren) or exposure of the minor child(ren) to acts of domestic violence.

….. b. Participate in a specialized treatment program including ………………

….. c. Have limited contact with the child(ren) as follows:

….. Supervised visitation with the child(ren). The visitation shall be supervised at all times by the department or an adult approved by the department or the court. The visitation shall occur on a schedule agreed by the parties and at the department's office, a supervised visitation center, or another place agreed by the parties. The frequency of the visitation shall be ………………..

….. No contact with the child(ren) at home, school, work, or wherever the child(ren) may be found except as otherwise provided by this motion.

….. d. Pay $..... ( ) weekly ( ) biweekly ( ) monthly temporary support for the ( ) child(ren) ( ) family members.

….. e. Pay the costs of medical, psychiatric, and psychological treatment for ( ) the child(ren) ( ) family members incurred as a result of the offenses described in this motion.

….. f. Vacate the home in which …..(child(ren)'s name(s)….. reside(s) and not return until further order of the court.

….. g. Due to any domestic violence described in this motion, Movant also requests the court to:

….. Award exclusive use and possession of the dwelling to the caregiver …..(name)…..

- 14 -

..... Exclude Respondent from the residence .....(address)..... of the caregiver, .....(name).....

..... Award temporary custody of the child(ren) to the caregiver, .....(name).....

..... Other requests ...................

I certify that a copy of this document was ..... mailed .....faxed and mailed ..... hand delivered to the person(s) listed below on .....(date)..... or was not delivered to the person(s) listed below because ..........

Other party or his/her attorney:
Name: ....................
Address: ....................
Fax Number: ....................

I understanding that I am swearing or affirming under oath to the truthfulness of the claims made in this verified motion and that punishment for knowingly making a false statement includes fines and/or imprisonment.

_____
.....Moving Party.....

STATE OF FLORIDA
COUNTY OF ...................

Sworn to or affirmed and signed before me on .....(date)..... by .....(name).....

_____
NOTARY PUBLIC OR DEPUTY CLERK

_____
Print, type, or stamp name of notary or clerk

..... Personally known
..... Produced identification
_____ Type of identification produced ...................

**If the party filing this motion is represented by an attorney, the attorney must complete the following:**

I, the undersigned attorney for Movant hereby certify that the following efforts have been made to give notice : …..(efforts made or if none made, state why)…..

                                             _____

                                             …..(attorney's name)…..
                                             …..(address and phone number)…..
                                             …..(Florida Bar number)…..

**FORM 8.963.** ~~INJUNCTION ORDER~~

~~ORDER ON VERIFIED MOTION FOR~~
~~CHAPTER 39 INJUNCTION~~

~~THIS CAUSE came before this court on .....(date)....., pursuant to section 39.504, Florida Statutes. Present before the court were .....(name(s))....; and the court having reviewed the verified motion, heard testimony and argument, and being otherwise fully advised in the premises finds:~~

~~1.	That this court has jurisdiction to issue an injunction in this cause.~~

~~2.	The minor children subject to this request are:~~

| ~~Name~~ | ~~Birth date~~ |
|---|---|
| ~~..........................................~~ | ~~...............~~ |
| ~~..........................................~~ | ~~...............~~ |
| ~~..........................................~~ | ~~...............~~ |
| ~~..........................................~~ | ~~...............~~ |

~~3.	.....	..... (Name and address of person(s) against whom injunction is requested)..... was noticed of the hearing on this motion on .....date......~~

~~.....	This injunction is being issued without notice because .....(child(ren)'s name(s))..... is/are in imminent danger, in that .....(explain why there would be immediate and irreparable harm if the other party is given notice).....~~

~~4.	Reasonable cause for the issuance of an injunction ..... does ..... does not exist based on the following:~~
~~.................................................................................~~

~~5.	..... (Name and address of person against whom injunction is requested)..... can be identified by the following:~~

~~Race: ..... Gender: Male ..... Female .....~~
~~Date of Birth: ...............~~
~~Height: ..... Weight: ..... Eye Color: .....~~
~~Hair Color: ...............~~
~~Distinguishing marks and/or scars: ..........................~~
~~Vehicle (make/model/year): ......................................~~

Color: ...............................

Tag Number: .....................

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1. This court ..... grants ..... denies the motion for injunction.

2. Until .....( ) .....(date).....( ) modified or dissolved by this court....., Respondent, .....(name) and address)..... shall

..... Refrain from further child abuse of the minor child(ren) or exposure of the child(ren) to acts of domestic violence.

..... Participate in a specialized treatment program including ..............................

..... Have limited contact with the children as follows:

..... Supervised visitation with the child(ren). The visitation shall be supervised at all times by the Department or an adult approved by the Department or the court. The visitation shall occur on a schedule agreed by the parties and at the Department's office, a supervised visitation center, or another place agreed by the parties.

The frequency of the visitation shall be ..............................................

..... No contact with the child(ren) at home, school, work, or whereverthe child(ren) may be found except as otherwise provided by this order.

..... Other conditions .....................

..... Pay $..... ( ) weekly ( ) biweekly ( ) monthly temporary support for the ( ) child(ren) ( ) family members.

..... Pay the costs of medical, psychiatric and psychological treatment for ( ) the child(ren) ( ) family members incurred as a result of the offenses described in the verified motion.

..... Vacate the home in which .....(child(ren)'s name(s))..... resides(s) and not return until further order of the court.

..... OTHER CONDITIONS: ...........

3. Due to any domestic violence, the court hereby

..... Awards the exclusive use and possession of the dwelling, .....(address)..... to the caregiver .....(name)..... or excludes Respondent from the residence of the caregiver.

..... Awards temporary custody of the child(ren) to the caregiver, ....(name)......

4. This court retains jurisdiction over this cause to enter any further orders that may be deemed necessary for the best interest and welfare of the minor child(ren).

5. All prior orders not inconsistent with the present Order shall remain in full force and effect.

DONE AND ORDERED on .....(date)......

_____

Circuit Judge

Copies furnished to:

COMMENT: If the injunction is issued ex parte, include the following:

**NOTICE OF HEARING**

**The Juvenile Court hereby gives notice of hearing in the above styled cause on …..(date)….. at ……………….. a.m./p.m., before …..(judge)….. at …..(location)….. or as soon thereafter as counsel may be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ……(name, address, and**

**telephone number)….. at least 7 days before your scheduled court appearance or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY**