DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RUSSELL M. CUCIAK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-437

[June 5, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Laura Johnson, Judge; L.T. Case No. 50-2014-CF-005536-AXXX-MB and 50-2015-CF-004447-AXXX-MB.

Tim Bower Rodriguez of Tim Bower Rodriguez, P.A., Tampa, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant appeals the denial of his pro se motion to withdraw plea after sentencing. Because the trial court failed to appoint conflict-free counsel at a critical stage of the proceedings, we reverse.

Appellant was charged in two separate cases with two counts of felony driving under the influence, possession of marijuana, and possession of paraphernalia. Appellant entered a negotiated plea and received five years of probation. Defense counsel moved to withdraw from the case and, within thirty days of sentencing, appellant filed a pro se motion to withdraw plea and appoint counsel. The trial court granted defense counsel's motion to withdraw from representation. Subsequently, the trial court ordered the state to respond to the pro se motion to withdraw plea. After receiving the state's response, and while appellant was unrepresented by counsel, the trial court summarily denied the motion to withdraw plea. This appeal ensues.

Appellant argues that the trial court erred in denying his motion to

withdraw plea without first appointing him conflict-free counsel. He asserts that a motion to withdraw plea proceeding is a critical stage at which criminal defendants enjoy the right to counsel.

"[M]ixed questions of law and fact that ultimately determine constitutional rights should be reviewed by appellate courts using a two-step approach, deferring to the trial court on questions of historical fact but conducting a de novo review of the constitutional issue." *Connor v. State*, 803 So. 2d 598, 605 (Fla. 2001).

Florida Rule of Criminal Procedure 3.170(*l*) provides that a defendant may file a motion to withdraw plea within thirty days after sentencing on certain specified grounds. Florida law recognizes "the thirty-day window provided in rule 3.170(*l*) is a critical stage of the criminal proceedings" during which the defendant is entitled to the "guiding hand of counsel to assist in preparing the initial motion to withdraw the plea." *Shriber v. State*, 959 So. 2d 1254, 1257 (Fla. 4th DCA 2007) (citing *Padgett v. State*, 743 So. 2d 70 (Fla. 4th DCA 1999)).

In *Stephens v. State*, 141 So. 3d 701 (Fla. 4th DCA 2014), the defendant filed a pro se motion to withdraw plea after sentencing. After counsel withdrew from representation, the trial court summarily denied the motion to withdraw plea. This court found that the trial court erred in considering the defendant's motion without first appointing conflict-free counsel because "[a] motion to withdraw plea is considered a critical stage of a criminal proceeding, and thus a defendant is entitled to counsel." *Id.* at 702. In a footnote, this court noted that "[h]ad [the defendant's] counsel not withdrawn, our analysis would be different." *Id.* at 702 n.1.

Applying the law to the facts of this case, we conclude that the trial court erred in considering appellant's motion to withdraw plea without first appointing conflict-free counsel. As such, we reverse and remand for "the trial court to appoint conflict-free counsel to assist [appellant] in drafting his motion. The trial court may then determine whether to summarily deny the motion or to hold an evidentiary hearing." *See id.* at 702.[1]

*Reversed and remanded.*

DAMOORGIAN, LEVINE and KLINGENSMITH, JJ., concur.

---

[1] As in *Stephens*, we note that our analysis would have been different had appellant been represented by counsel at the time of the denial of his motion to withdraw plea.

2

*          *          *

*Not final until disposition of timely filed motion for rehearing.*