IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JC LORENZO BAKER, JR.,

       Appellant,

v.

       Case No.  5D21-3041
               5D21-3042
               5D21-3044
               5D21-3045
               5D21-3046
               5D21-3043
       LT Case No. 2020-CF-5149-A-X
                  2020-CF-4891-A-X
                  2020-CF-4977-A-X
                  2019-CF-2709-A-X
                  2020-CF-522-A-X
                  2021-CF-302-A-X

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed July 22, 2022

Appeal from the Circuit Court
for Marion County,
Lisa D. Herndon, Judge.

Matthew J. Metz, Public Defender,
and Darnelle Paige Lawshe,

Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and L. Charlene Matthews, Assistant Attorney General, Daytona Beach, for Appellee.

EVANDER, J.

JC Lorenzo Baker, Jr. ("Baker") appeals his judgment and sentences on six cases, arguing that the trial court erred by denying his motion to withdraw plea after sentencing without first appointing conflict-free counsel to argue the motion. We agree and, accordingly, we reverse.

Baker was represented by the public defender's office throughout the proceedings below. After rejecting a plea offer from the State, Baker entered an open plea to the court. The trial court imposed a greater sentence than that offered by the State. Thereafter, Baker's defense counsel filed a motion to withdraw plea on Baker's behalf. The motion alleged that, according to Baker, defense counsel had "misadvised him as to what the best pleading decision was." The motion further sought to allow the withdrawal of the public defender's office and for the appointment of conflict-free counsel.

At the ensuing hearing on the motion to withdraw plea, the assistant public defender advised the court, inter alia, that he did not detail the alleged

2

misadvice in the motion because of the conflict between Baker and the public defender's office:

> [W]ithout getting into the merits of the motion itself, I think the basic issue at this point is just that we need a conflict-free counsel to come in. The conflict-free counsel could then hold a hearing on a motion to withdraw a plea. He would probably amend it to go into more detail. As I indicated in the motion itself, I didn't want to go into too many details because the nature of this motion and then conflict-free counsel could set the motion for a hearing.

The trial court declined to appoint conflict-free counsel, finding that it "was [not] necessary under the circumstances." Without hearing from Baker himself, the trial court denied the motion, reciting that it had engaged in a lengthy colloquy with Baker and that it saw no grounds to permit him to withdraw his plea:

> I went through a colloquy that was lengthy with Mr. Baker, and I don't see any ground to withdraw the plea. I asked him all the relevant questions. He answered them correctly. It was up to me to decide. He knew that. He acknowledged that he knew that.

A defendant is entitled to be represented by counsel at a hearing on a motion to withdraw plea because it is a critical stage of a criminal proceeding. *Stephens v. State*, 141 So. 3d 701, 702 (Fla. 4th DCA 2014). "When a defendant files a facially sufficient motion setting forth an adversarial relationship with counsel, the court is required to appoint conflict-free counsel unless the record conclusively refutes the motion's allegations."

3

*Angeles v. State*, 279 So. 3d 836, 837 (Fla. 2d DCA 2019); *see also Sheppard v. State*, 175 So. 3d 275, 287 (Fla. 2009) ("If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant's allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.").

Here, the motion to withdraw plea was legally sufficient. *See, e.g., Jackson v. State*, 196 So. 3d 572, 573 (Fla. 5th DCA 2016) (holding record did not refute defendant's claim that attorney misadvised him that if he entered open plea, he would "likely be sentenced as a youthful offender and receive a sentence of five years' incarceration or less").

Furthermore, the record established an adversarial relationship existed between Baker and the public defender's office. Indeed, defense counsel advised the trial court of his inability to fully and properly argue the motion because of the existing conflict. *See*, *e.g., Angeles*, 279 So. 3d at 836 ("In fact, it was clear there was an adversarial relationship based on counsel's multiple requests for the appointment of conflict-free counsel and assertions that he could not effectively argue his own ineffectiveness.")

Finally, we reject the State's argument that Baker's allegations are conclusively refuted by the record. The trial court's inquiry, during the plea

4

colloquy, as to whether Baker had been promised anything to enter the plea did not conclusively refute Baker's claim. *See, e.g., Leroux v. State*, 689 So. 2d 235, 237 (Fla. 1996) (holding defendant's statement during plea colloquy that he had not been promised anything to enter plea did not conclusively refute claim that attorney misadvised him about how long he would actually serve based on entitlement to gain time).

REVERSED and REMANDED.


COHEN and NARDELLA, JJ., concur.