DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____


ADRIAN YOUNG,

Appellant,

v.

STATE OF FLORIDA,

Appellee.


Nos. 2D2023-1507, 2D2023-1508
CONSOLIDATED
_____

December 20, 2024

Appeals from the Circuit Court for Hillsborough County; Barbara Twine Thomas, Judge.

Howard L. Dimmig, II, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Krystle Celine Cacci, Assistant Attorney General, Tampa, for Appellee.

NORTHCUTT, Judge.

In this consolidated appeal, Adrian Young appeals from his judgments and sentences imposed pursuant to a plea agreement. He raises several issues on appeal across both cases, but we reverse only the denial of his postsentencing motion to withdraw his plea.

Young was already on probation in three unrelated cases when the State filed two new charges against him, arising from separate controlled cocaine buys.[1] Young represented himself with the assistance of standby counsel. He ultimately negotiated a global plea agreement that resolved all five matters: he pleaded guilty to the lesser included offense of simple delivery in the two pending cases, and he admitted violating his probation in the three previous cases. The trial court sentenced him to concurrent five-year prison sentences in each case, with credit for 502 days.

After sentencing, Young filed a pro se motion to withdraw his plea under Florida Rule of Criminal Procedure 3.170(*l*). Finding the motion legally insufficient, the trial court summarily denied it without first offering Young appointed counsel. This was error.

A defendant may waive the right to counsel at each crucial stage of the proceedings so long as defendant gives the waiver in accordance with Florida Rule of Criminal Procedure 3.111(d). *See Traylor v. State*, 596 So. 2d 957, 968 (Fla. 1992). A waiver of counsel applies only to that stage of the proceedings and must be renewed at each subsequent crucial stage at which the defendant remains unrepresented. *Id.* at 968. Accordingly, if the trial court accepts a waiver of counsel at any stage, rule 3.111(d)(5) requires the court to renew the offer of counsel "at each subsequent stage of the proceedings at which the defendant appears without counsel."

---

[1] These appeals arise out of the two cases which were negotiated and resolved together pursuant to a global negotiated plea below. We consolidate them for the purpose of this opinion. *See J.M.B. v. State*, 776 So. 2d 353, 354 (Fla. 1st DCA 2001) ("Cases may also be consolidated for oral argument, issuance of an opinion, or both.").

Florida law states that "[a] rule 3.170(*l*) motion to withdraw a plea is a critical stage of the proceedings during which an indigent defendant is entitled to court-appointed, conflict free counsel." *Welch v. State*, 376 So. 3d 790, 791 (Fla. 2d DCA 2023). Consequently, failure to offer appointed counsel before summarily denying such a motion requires reversal. *See Stephens v. State*, 141 So. 3d 701, 702 (Fla. 4th DCA 2014). Moreover, the error is not subject to a harmless error analysis. *See Welch*, 376 So. 3d at 791 (citing *Smith v. State*, 849 So. 2d 485, 486 (Fla. 2d DCA 2003)).

Young's 3.170(*l*) motion commenced a critical stage of the proceedings that obligated the trial court to renew the offer of counsel regardless of the facial sufficiency of the motion. *See Welch*, 376 So. 3d at 791; *see also Stephens*, 141 So. 3d at 702. Because it failed to do so, we must reverse. On remand, the court shall offer Young court-appointed, conflict-free counsel before proceeding with the merits of his rule 3.170(*l*) motion.

Affirmed in part, reversed in part, and remanded.


CASANUEVA and LaROSE, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.