WARNER, J.
 

 After entering a plea and being sentenced for possession of cocaine, appellant filed a timely motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(J). He claimed that his counsel coerced him into entering a plea and misinformed him as to the maximum penalty he could face. The trial court summarily denied the motion, attaching a copy of the transcript of the plea colloquy. On appeal, appellant claims that the trial court erred in failing to appoint an attorney to represent him where he alleged a conflict with his current attorney in his motion. We affirm, concluding that where the record conclusively refuted the allegations of the motion to withdraw a plea pursuant to Rule 3.170((), the trial court did not err by summarily denying it without appointing additional counsel to represent the appellant.
 

 While defendant was on probation for grand theft, he was arrested for possession of cocaine, which resulted in the filing of an affidavit of violation. At the hearing on the violation, the state made a plea offer which the defendant accepted. His counsel meticulously questioned him on the particulars of the plea and explained to him that he could be sentenced up to ten years in prison for the combined crimes. The court also thoroughly explained the plea to the defendant. Defendant eventually pled to both the violation of probation and to the possession of cocaine, for which the court sentenced him to concurrent sentences of 364 days in custody.
 

 Defendant filed a pro se motion to vacate his plea to the possession of cocaine charge, claiming that counsel coerced him into accepting the plea by telling him that he would be sentenced to five years consecutive to his sentence for the violation of probation. The trial court summarily denied the motion without a hearing. In its order it explained that “[o]nce sentence has been imposed, to withdraw a plea a defendant must demonstrate a manifest injustice requiring correction.” It then concluded that he was required to show that his plea was involuntary and “failed to make such a showing of manifest necessity,” attaching a copy of the plea colloquy transcript to the order. Defendant appeals.
 

 Where a defendant seeks to withdraw a plea after sentencing, the defendant must prove that a manifest injustice has occurred.
 
 Snodgrass v. State,
 
 837 So.2d 507, 508 (Fla. 4th DCA 2003);
 
 State v. Wiita,
 
 744 So.2d 1232, 1235 (Fla. 4th DCA 1999). This is a more stringent standard than a motion to withdraw a plea filed before sentencing, as the burden falls on the defendant to prove that withdrawal is necessary to correct the manifest injustice.
 
 Snodgrass,
 
 837 So.2d at 508. Examples of situations where withdrawal is necessary to correct a manifest injustice include cases where the defendant proves that he received ineffective assistance of counsel or where the defendant’s plea was involuntary.
 
 See Williams v. State,
 
 316 So.2d 267, 274 (Fla.1975). Similarly, a defendant’s entry of a plea based upon defense counsel’s misadvice about sentencing can be a basis for allowing a defendant to withdraw the plea.
 
 Snodgrass,
 
 837 So.2d at 508.
 

 The defendant argues that his motion stated a facially sufficient claim of coercion through misadvice of defense counsel as to the maximum length of his sentence, and he was entitled to a hearing on the issue. When a defendant files a facially sufficient motion to withdraw plea
 
 *223
 
 under rule 3.170(1), due process requires a hearing unless the record conclusively shows the defendant is entitled to no relief.
 
 Ragoobar v. State,
 
 893 So.2d 647, 648 (Fla. 4th DCA 2005);
 
 Simeton v. State,
 
 734 So.2d 446, 447 (Fla. 4th DCA 1999). However, the plea colloquy itself may conclusively refute a defendant’s allegations that counsel misrepresented the length of time the defendant would serve.
 
 See, e.g., Alfred v. State,
 
 998 So.2d 1197 (Fla. 4th DCA 2009). Where the court informs a defendant of his sentencing exposure, a defendant may not reasonably rely on a contrary representation by counsel.
 
 See, e.g., Scheele v. State,
 
 953 So.2d 782 (Fla. 4th DCA 2007) (holding that a defendant could not reasonably rely on his lawyer’s alleged advice that he faced a maximum sentence of only ten years where the trial court told the defendant in no uncertain terms that he faced a maximum of twenty-eight years).
 

 A review of the entire plea colloquy conclusively refutes defendant’s allegations that his attorney coerced him by telling him that if he failed to accept the plea offer, he would be sentenced to five years in prison for the cocaine charge. During the plea colloquy, the defense attorney and the court both informed the defendant of the maximum sentences to which he
 
 could
 
 be sentenced, noting that he could face any sentence
 
 up to
 
 the maximum of consecutive five-year sentences on the two cases. The trial court also specifically informed him that the length of the sentence was not yet decided. Therefore, he could not have reasonably relied on his counsel’s alleged statement that he
 
 would,
 
 receive a five-year prison sentence if he did not accept the state’s plea offer, when the trial court told him that the sentence was undetermined.
 

 Defendant also claims that he was entitled to conflict-free counsel to represent him on the motion to withdraw the plea. In
 
 Schriber v. State,
 
 959 So.2d 1254 (Fla. 4th DCA 2007), we held that the trial court erred in summarily denying the defendant’s pro se motion to withdraw plea after sentencing without appointing conflict-free counsel after he alleged that his prior counsel led him to enter a guilty plea involuntarily. Although in
 
 Schriber
 
 we directed the trial court to appoint conflict-free counsel to assist Schriber in drafting his motion and instructed the trial court to thereafter determine whether to summarily deny the motion or to hold an evidentia-ry hearing, the supreme court has announced a new rule regarding appointment of counsel to represent defendants filing pro se motions to vacate pleas. In
 
 Sheppard v. State,
 
 17 So.3d 275 (Fla.2009), the court held:
 

 [W]e outline the procedure trial courts should follow when a represented defendant flies a pro se rule 3.170(í) motion based on allegations giving rise to an adversarial relationship such as counsel’s misadvice, misrepresentation, or coercion that led to the entry of the plea. In these narrow circumstances, ... the trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen
 
 and
 
 the defendant’s allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.
 

 Id.
 
 at 286-87 (emphasis supplied) (footnote omitted). Thus, the trial court is not required to appoint conflict-free counsel unless
 
 both
 
 an adversary relationship exists
 
 and
 
 the defendant’s allegations are not conclusively refuted by the record. While the trial court did not have the benefit of
 
 *224
 

 Sheppard
 
 and did not hold a hearing to determine adversity between defendant and counsel, the failure to conduct a hearing is at most harmless error, because conflict-free counsel would not be required where defendant’s allegations were conclusively refuted by the record.
 

 For the foregoing reasons, we affirm appellant’s conviction and sentence.
 

 DAMOORGIAN and LEVINE, JJ., concur.