FENSOM, JAMES B.,
Associate Judge.
Appellant James H. Tipler appeals an order denying his motion to withdraw plea after sentencing. Because Appellant was denied the assistance of counsel during a critical stage of the proceeding, we reverse.
I.
Appellant was charged with (1) conduct or participation in an enterprise through a pattern of racketeering activity (RICO); (2) use or investment of proceeds from a pattern of racketeering activity; and (3) *1193 two counts of practicing law while disbarred or suspended. On June 7, 2013, pursuant to his negotiated nolo contendré plea, Appellant was adjudicated guilty on one count of racketeering and one count of practicing law while disbarred, and sentenced to eighty months incarceration, followed by eight years probation.
On July 2nd, Appellant presented a pro se motion to withdraw plea to prison officials for mailing, which was filed by the Clerk of Court on July 8th. In the motion, Appellant asserted that his trial counsel gave him misadvice regarding the correctional institution in which he would be incarcerated. Appellant explicitly stated that he was not assisted by counsel in preparation of the motion, and requested permission to amend his motion once he regained such assistance.
On July 3rd, Appellant’s trial counsel from the Law Office of Taylor & Taylor, P.A. (collectively “Taylor”) filed a motion to withdraw as counsel of record. The trial court granted Taylor’s motion the day it was filed. More than a month later, on August 6th, the trial court denied Appellant’s motion to withdraw plea without holding a hearing or appointing counsel. Appellant timely appealed.
II.
Constitutional issues are reviewed by appellate courts using a two-step approach: “deferring to the trial court on questions of historical fact[1] but conducting a de novo review of the constitutional issue.” See Joe v. State, 66 So.3d 423, 425 (Fla. 4th DCA 2011) (quoting Connor v. State, 803 So.2d 598, 605 (Fla.2001)).
Once a plea has been formally accepted and a sentence rendered, a defendant has thirty days to file a motion to withdraw the plea. See Fla. R. Crim. P. 3.170(Z). Florida law recognizes that a 3.170(Z) motion is a “critical stage” of a proceeding, entitling the defendant to the Sixth Amendment right to representation and assistance of counsel. See Pagan v. State, 110 So.3d 3, 5 (Fla. 2d DCA 2012).
Because Appellant was completely denied representation and assistance with regard to his motion to withdraw plea, reversal is required. See Stephens v. State, 141 So.3d 701, 702 (Fla. 4th DCA 2014) (reversing summary denial of a motion to withdraw plea because the appellant’s counsel withdrew prior to the court’s ruling on the motion). See also Jones v. State, 74 So.3d 118, 123 n. 5 (Fla. 1st DCA 2011); Schriber v. State, 959 So.2d 1254, 1257 (Fla. 4th DCA 2007) (“[T]he thirty-day window provided in Rule 3.170(Z) is a critical stage of the criminal proceedings and it would be hollow indeed if the defendant were not allowed the guiding hand of counsel to assist in preparing the initial motion to withdraw the plea.”).
The State asserts that any error was harmless because Appellant’s allegations were conclusively refuted by the record. See Nelfrard v. State, 34 So.3d 221, 223-24 (Fla. 4th DCA 2010). However, Nelfrard is founded on Sheppard v. State, in which the Florida Supreme Court provided a narrow exception to the bright-line rule against hybrid representation. 17 So.3d 275, 287 (Fla.2009). Here, Appellant was effectively unrepresented,[2] and therefore *1194 Sheppard and Nelfrard are inapplicable.[3] See Stephens, 141 So.3d at 702.
We do not address the merits of Appellant’s motion. Instead, we simply find that Appellant should have been given the opportunity to be assisted by counsel before its merits were considered. See id. Accordingly, we hold that because Appellant was not represented during the preparation or consideration of his pro se motion to withdraw plea after sentencing, he was denied his constitutional right to assistance of counsel at this critical stage of the proceeding. See Taylor v. State, 87 So.3d 749, 758 (Fla.2012) (“The Sixth Amendment of the United States Constitution guarantees the right to effective assistance of counsel at all critical stages of a criminal prosecution.”), reh’g denied (May 7, 2012); Wofford v. State, 819 So.2d 891, 892 (Fla. 1st DCA 2002) (“[Djenial of the Sixth Amendment right to counsel is per se reversible error.”).
III.
For these reasons', the trial court’s order denying Appellant’s motion to withdraw plea is REVERSED and REMANDED for the trial court to appoint counsel to assist Appellant in drafting his motion.
VAN NORTWICK, J., concurs.
OSTERHAUS, J., dissents with opinion.

. This deference does not fully apply where, as here, “the findings are based on evidence other than live testimony, since such evidence is as available to the appellate court as it was to the trial court.” See Joe v. State, 66 So.3d 423, 425 (Fla. 4th DCA 2011) (quoting Parker v. State, 873 So.2d 270, 279 (Fla.2004)) (internal quotation marks omitted).

. Although Appellant had counsel of record (Taylor) when he drafted his pro se motion, Appellant explicitly stated that he was not *1194 assisted in its preparation. Further, while Appellant was technically represented up until the day thát he handed the motion to withdraw plea to the prison officials, he was not represented by the time the motion was officially filed, considered, or summarily denied by the court. The trial court must have been aware of this fact, as the Order Denying Motion to Withdraw Plea of Convenience was only served upon Appellant, individually.

. As noted by the Fourth District:
Had [the defendant's] counsel not withdrawn, our analysis would be different.
Under such a scenario, so long as the motion alleged an adversarial relationship between [the defendant] and his counsel, the trial court would have been required to “hold a limited hearing” to determine whether “an adversarial relationship between counsel and the defendant has arisen” and thus whether [the defendant] was entitled to new, conflict-free counsel.
Stephens, 141 So.3d at 702 n. 1 (citing Sheppard, 17 So.3d at 287; Nelfrard, 34 So.3d at 223).