Fred B. FLEMMING, Appellant,

v.

STATE of Florida, Appellee.

Nos. 1D14–5645, 1D14–5646.

District Court of Appeal of Florida,
First District.

Sept. 28, 2016.

Rehearing Denied Dec. 21, 2016.

Nancy A. Daniels, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellees.

WINOKUR, J.

Fred B. Flemming challenges the trial court's summary denial of his motion to withdraw plea and his motion to appoint conflict-free counsel, arguing that the motion to withdraw plea entitled him to appointment of conflict-free counsel and to an evidentiary hearing under Rule 3.170(*l*), Florida Rules of Criminal Procedure. We affirm.

I.

The State charged Flemming in Case No. 13–4940 with battery on a law enforcement officer, resisting an officer with violence, possession of cocaine, and possession of cannabis; and in Case No. 13–6833 with grand theft auto, resisting an officer without violence, and possession of cocaine. Case No. 13–4940 proceeded to trial and Flemming was found not guilty of battery on a law enforcement officer, but guilty of the lesser-included offense of resisting an officer without violence, and guilty of pos-

session of cocaine and possession of cannabis.

At sentencing in Case No. 13–4940, the State announced that a negotiated disposition in both cases had been reached, calling for Flemming to plead guilty to the charges in Case No. 13–6833 in exchange for concurrent sentences of five years incarceration for the felonies in both cases, and time served on the misdemeanors. Before accepting the agreement, the trial judge inquired if Flemming had discussed the agreement with trial counsel, and he answered in the affirmative, indicating he was satisfied with the representation he received in both cases. The judge then discussed the agreement and its terms with Flemming, after which the judge asked Flemming if he understood them. Flemming answered that he understood the terms of the agreement. When asked whether Flemming believed it was in his best interest to accept the five-year offer from the State, he answered affirmatively. Consistent with the agreement, Flemming entered guilty pleas to the charges in Case No. 13–6833. The trial judge accepted the pleas and imposed sentence accordingly.

## II.

Seven days later, Flemming filed a motion to withdraw plea pursuant to Rule 3.170(f), Florida Rules of Criminal Procedure, alleging 1) that his plea was based on his understanding that concurrent sentences of fourteen months would be imposed for the felony counts, and 2) that counsel failed to perform a presentence investigation. Flemming also filed a motion requesting the appointment of conflict-free counsel to assist in the litigation of his motion to withdraw plea, arguing that he was entitled to conflict-free counsel because his motion to withdraw plea contained allegations of misadvice from his current counsel.

The trial court summarily denied both the motion to withdraw plea and the motion to appoint counsel. The trial court denied the motion to withdraw plea on three grounds: 1) it cited to the incorrect rule; 2) it cited to the incorrect case number; and 3) the record conclusively refuted its allegations. The trial court denied the motion to appoint counsel because it had been rendered moot by the denial of the motion to withdraw plea.

## III.

Rule 3.170(f) authorizes a plea withdrawal "at any time before a sentence." Rule 3.170(*l*) authorizes a motion to withdraw a plea "within thirty days after rendition of the sentence." As the court below correctly noted, Flemming should have filed his motion to withdraw plea under subsection (*l*), rather than subsection (f), because he had already been sentenced at the time he filed it. *See State v. Partlow,* 840 So.2d 1040, 1042 (Fla.2003). A defendant seeking to withdraw a plea under subsection (*l*) must demonstrate a manifest injustice requiring correction. *Id.* The court was also correct that Flemming erroneously filed his motion in Case No. 13–4940 when it should have been filed in Case No. 13–6833. However, assuming without deciding that these errors did not prevent the court below from considering Flemming's motion under the correct rule and in the correct case, the trial court did not abuse its discretion in denying the motion because the claims were conclusively refuted by the record.

Flemming argues that the court could not deny his motion to withdraw plea even if the allegations were refuted by the record because he was entitled to the appointment of conflict-free counsel before the trial court could reach this question. We disagree.

■ This Court has held that "a [rule] 3.170(*l*) motion is a 'critical stage' of a proceeding, entitling the defendant to the Sixth Amendment right to representation and assistance of counsel." *Tipler v. State*, 149 So.3d 1192, 1193 (Fla. 1st DCA 2014). In *Sheppard v. State*, the Supreme Court "outline[d] the procedure trial courts should follow when a represented defendant files a pro se rule 3.170(*l*) motion based on allegations giving rise to an adversarial relationship such as counsel's misadvice, misrepresentation, or coercion that led to the entry of the plea" as follows:

> [T]he trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant's allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.

17 So.3d 275, 286–87 (Fla.2009) (footnote omitted). Pursuant to *Sheppard*, "the trial court is not required to appoint conflict-free counsel unless *both* an adversary relationship exists *and* the defendant's allegations are not conclusively refuted by the record." *Nelfrard v. State*, 34 So.3d 221, 223 (Fla. 4th DCA 2010) (emphasis in original). Thus, if the defendant's allegations are conclusively refuted by the record, the trial court's failure to hold the "limited hearing" required by *Sheppard* is harmless error. *Id.*; *Johnson v. State*, 22 So.3d 840, 844 (Fla. 1st DCA 2009).

■ The trial court correctly concluded that the record conclusively refutes Flemming's allegations that he was misadvised as to the length of his sentence. His counsel stated in open court the terms of the agreement, which provided for concur-rent sentences of five years for the felony counts in both cases. The trial judge then discussed the agreement with Flemming, explaining that under its terms he would be sentenced to concurrent five-year terms for the felony counts in both cases. When the trial judge inquired whether Flemming understood the agreement, Flemming answered, "Yes, sir." When asked whether Flemming believed it was in his "best interest to go ahead and accept the five-year offer from the State," he answered, "Yes, Your Honor." Finally, Flemming signed a plea form setting forth the agreement as explained by both Flemming's counsel and the trial judge.

Because the record conclusively refutes Flemming's allegation that he was misadvised that he would receive a sentence of fourteen months, and clearly shows that he knowingly agreed to concurrent five-year sentences for the felony counts in both cases, Flemming was not entitled to substitute counsel, and the trial court's failure to conduct the limited hearing in accordance with *Sheppard* was harmless error.

*Tipler* does not require a different conclusion. In *Tipler*, the defendant's counsel withdrew the day after Tipler filed his rule 3.170(*l*) motion. 149 So.3d at 1193. Counsel's withdrawal prior to the court's consideration of Tipler's motion to withdraw plea was the key fact in this Court's reversal: "Had [the defendant's] counsel not withdrawn, our analysis would be different." *Id.* at 1195 n. 3 (quoting *Stephens v. State*, 141 So.3d 701, 702 n. 1 (Fla. 4th DCA 2014)). Nothing in the record here shows that Flemming's counsel withdrew prior to the court's consideration of his motions, so he was not "completely denied representation and assistance with regard to his motion to withdraw plea." *Id.* at 1193.

Flemming also argues that the trial court erred by summarily denying his mo-

tion to withdraw plea. However, having established that his allegations were conclusively refuted by the record, it follows that he was not entitled to an evidentiary hearing. *See Nelfrard,* 34 So.3d at 223 (holding that defendant was not entitled to evidentiary hearing where allegations in motion to withdraw plea were conclusively refuted by the record).

For the foregoing reasons, we affirm the trial court's order denying Flemming's motion to withdraw plea and motion to appoint conflict-free counsel.

AFFIRMED.

WOLF and WINSOR, JJ., concur.