IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


BROSNAN PEARSON HART,

      Appellant,

 v.                                                         Case No.  5D16-3050

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 24, 2017

Appeal from the Circuit Court
for Marion County,
Anthony M. Tatti, Judge.

James S. Purdy, Public Defender, and
Sean K. Gravel, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison Leigh Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

Brosnan Pearson Hart ("Appellant") correctly asserts, and the State agrees, that if

he was indigent, he was entitled to the appointment of counsel to assist him in the

preparation of a Florida Rule of Criminal Procedure 3.170 motion to withdraw his guilty

pleas to attempted first-degree murder and robbery with a firearm. Appellant was

represented by privately retained counsel at the plea hearing. The trial court confirmed during a thorough plea colloquy that Appellant understood the charges, that he had discussed the case with his counsel, and that he was freely and voluntarily pleading guilty. He was sentenced, as agreed, to two concurrent sentences of fifteen years in prison with a ten year minimum mandatory sentence for possession of a firearm, to be followed by ten years of probation.

Appellant's privately retained counsel moved to withdraw from representation twenty eight days after the sentencing hearing, and the motion was granted. On the same day counsel was permitted to withdraw, Appellant, then seventeen years old, drafted and mailed a motion to withdraw his guilty pleas. The record on appeal does not indicate that Appellant requested or was offered counsel. A hearing was held and the trial court denied Appellant's pro se motion. The court also denied a subsequent motion to withdraw the guilty pleas.

Appellant argues and the State concedes that a rule 3.170 motion to withdraw plea is a critical stage of the proceeding, entitling the defendant to representation and assistance of counsel. *Tipler v. State*, 149 So. 3d 1192, 1193 (Fla. 1st DCA 2014). An indigent defendant is entitled to the appointment of counsel. *See e.g.*, *Searcy v. State*, 971 So. 2d 1008, 1011 (Fla. 3d DCA 2008) ("Many courts have held, and we agree, that an indigent defendant has the right to court-appointed counsel to assist in the filing of a [rule 3.170] motion."). If counsel withdraws before a rule 3.170 motion is filed, then counsel must be offered to an indigent defendant. *Tipler*, 149 So. 3d at 1193. Although Appellant had privately retained counsel at the plea and sentencing hearings, the trial court appointed counsel to represent him on appeal. We remand this case to the trial

2

court to determine whether Appellant was indigent during the time he filed, or could have timely filed, a motion to withdraw his pleas. If the trial court determines that Appellant was indigent, it shall set aside its previous orders denying Appellant's motions to withdraw his pleas, appoint counsel for the purpose of filing a motion to withdraw pleas should Appellant desire to so proceed, and conduct a new hearing on Appellant's motion to withdraw his guilty pleas.

REVERSED AND REMANDED with instructions.

PALMER and EDWARDS, JJ., and JACOBUS, B.W., Senior Judge, concur.