# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA
_____

No. 1D17-717
_____

JOSEPH WAYNE SMITH,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Darlene F. Dickey, Judge.

June 22, 2018

B.L. THOMAS, C.J.

Appellant challenges the trial court's summary denial of his pro se motion to withdraw plea, arguing that, because his motion alleged an adversarial relationship with his counsel, he was entitled to appointment of conflict-free counsel.

*Facts*

On January 13, 2016, Appellant was charged by information with Felony Petit Theft and pled nolo contendere. At his plea hearing on August 24, 2016, Appellant told the court that he understood that by pleading straight up, he did not know what his sentence would be. Appellant stated that he understood he was charged with six counts of felony theft, and he understood each of the charges. He understood that each case carried a

maximum five-year sentence and a $5,000 fine. Appellant stated that he agreed with the facts in each of the charges and understood that, based on his scoresheet, he faced a minimum of 19 months in state prison. Appellant further stated that he understood that, by pleading no contest, he waived his right to a jury trial, the right to cross-examine witnesses, the right to present witnesses, and any legal defenses he may have had. Appellant stated that no one was forcing him to plead no contest and that he was not under the influence of alcohol, drugs, or medication. Appellant stated that he had had time to go over the charges with his attorney, and he was satisfied with his attorney's advice and the representations his attorney had made to him.

The court accepted Appellant's plea, finding that in each case, each count was knowingly and voluntarily entered, and there was a factual basis for each. The court adjudicated Appellant guilty and sentenced him to serve 36 months in state prison, with credit for 212 days of time served.

On December 21, 2016, Appellant filed a pro se motion to withdraw plea, in which he alleged that he "scored out to 19.3 months," and his attorney did not inform him that he would receive a three-year prison sentence. Appellant alleged that he pled out based on his attorney's advice, but he wasn't advised as to "what cost or risk that [he] would be facing."

The trial court entered an order denying Appellant's motion to withdraw plea, stating that, despite Appellant's allegations that he did not know he would be given a three-year prison sentence, Appellant's plea was entered freely, voluntarily, and intelligently given.

*Analysis*

The standard of review of a trial court's denial of a motion to withdraw plea is abuse of discretion. *Woodly v. State*, 937 So. 2d 193, 196 (Fla. 4th DCA 2006). Where a defendant files a facially sufficient motion to withdraw his plea, he is entitled to an evidentiary hearing on the issue unless the record conclusively refutes his allegations. *Id.*

A motion to withdraw a plea pursuant to rule 3.170(*l*) is a critical stage in the direct criminal proceeding at which the defendant is entitled to effective assistance of counsel. *Flemming v. State*, 204 So. 3d 950, 952 (Fla. 1st DCA 2016).

"In *Sheppard v. State,* the Supreme Court 'outline[d] the procedure trial courts should follow when a represented defendant files a pro se rule 3.170(*l*) motion based on allegations giving rise to an adversarial relationship such as counsel's misadvice, misrepresentation, or coercion that led to the entry of the plea . . . .'" *Id.* (quoting *Sheppard*, 17 So. 3d 275, 286-87 (Fla. 2009)). The court in *Sheppard* held:

> [T]he trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant's allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.

17 So. 3d at 287.

Pursuant to *Sheppard*, "the trial court is not required to appoint conflict-free counsel unless *both* an adversary relationship exists *and* the defendant's allegations are not conclusively refuted by the record." *Flemming*, 204 So. 3d at 952 (emphasis in original) (quoting *Nelfrard v. State,* 34 So. 3d 221, 223 (Fla. 4th DCA 2010). Thus, if a defendant's allegations are conclusively refuted by the record, the trial court's failure to hold the "limited hearing" required by *Sheppard* is harmless error, and the defendant is not entitled to substituted counsel. *Id.* (citing *Johnson v. State,* 22 So. 3d 840, 844 (Fla. 1st DCA 2009)).

In *Flemming*, the trial court discussed with the defendant the charges against him and the terms to which he would be sentenced; the defendant answered affirmatively when asked whether he understood the agreement and whether he believed it

3

was in his best interest to accept the State's offer. 204 So. 3d at 952. The defendant also signed a plea form setting forth the agreement as explained by his counsel and the trial court. *Id.* Based on those facts, this court determined that the record conclusively refuted the appellant's allegation that he was misadvised that he would receive a lesser sentence. *Id.* "[H]aving established that [the appellant's] allegations were conclusively refuted by the record, it follows that [the appellant] was not entitled to an evidentiary hearing," and the trial court did not err in summarily denying his motion to withdraw plea. *Id.* at 953.

Here, nothing in the record shows that Appellant's counsel withdrew before the court considered his motion, "so he was not 'completely denied representation and assistance with regard to his motion to withdraw plea.'" *Id.* at 952 (quoting *Tipler*, 149 So. 3d 1192, 1193 (Fla. 1st DCA 2014)). As in *Flemming*, the court here conducted an extensive colloquy, where Appellant stated that he understood that he did not know what his sentence would be, that the charges against him carried a maximum sentence of five years, and, based his scoresheet, he faced a minimum of 19 months in prison. Therefore, Appellant's allegations that he was misadvised that he might receive a three-year prison sentence are conclusively refuted by the record. *Flemming*, 204 So. 3d at 952. Thus, Appellant was not entitled to an evidentiary hearing on his motion to withdraw plea and was not entitled to substitute counsel, and the trial court therefore did not abuse its discretion in summarily denying Appellant's motion.

AFFIRMED.

WOLF and RAY, JJ., concur.

―――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――

4

Andy Thomas, Public Defender, Justin Foster Karpf, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Robert Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.