FILED

09/17/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 12, 2017 Session

**WILLIAM MICHAEL PHILLIPS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Giles County**
**Nos. CR-12825, 16041      Robert L. Jones, Judge**
_____

**No. M2017-00118-CCA-R3-PC**
_____

CAMILLE R. MCMULLEN, J., concurring in part and dissenting in part.

I agree with the conclusion reached by the majority pertaining to the Petitioner's recusal claim. I respectfully part ways with the lead opinion; however, because it fails to address the issue squarely before the court, which is whether the Petitioner was entitled to counsel during his post-sentencing motion to withdraw his guilty plea. This issue, as noted in Judge Easter's dissent, requires us to determine whether a post-sentencing motion to withdraw a guilty plea is a critical stage of the proceedings. Because a defendant's substantial rights are affected, I would have concluded that a post-sentence motion to withdraw a guilty plea is a critical stage in judicial proceedings. Accordingly, I would have reversed the judgment of the post-conviction court and vacated its order denying relief. I also would have reversed and vacated the trial court's denial of the Petitioner's post-sentencing motion to withdraw his guilty plea and remanded for a new evidentiary hearing on the motion to withdraw following the appointment of counsel or valid waiver thereof.

I begin by acknowledging that a defendant does not have a unilateral right to withdraw a plea. State v. Crowe, 168 S.W.3d 731, 740 (Tenn. 2005) (internal citations omitted). Whether a defendant should be permitted to withdraw a plea is a matter addressed to the sound discretion of the trial court, regardless of when the motion is filed. Id. Rule 32 of the Tennessee Rules of Criminal Procedure provides a pre-sentencing and a post-sentencing standard for evaluating motions to withdraw guilty pleas:

> A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; *but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.*

1

Rule 32(f) (emphasis added). The more demanding standard, "to correct manifest injustice," applies to motions, like the Petitioner's, which are filed after imposition of sentence. The purpose behind the more stringent standard is to prevent a defendant from retracting "a plea of guilty . . . with ease after sentence . . . to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." Crowe, 168 S.W.3d at 741 (citing Kadwell v. United States, 315 F.2d 667, 670 (9th Cir. 1963)). Manifest injustice is determined on a case by case basis; and is established in the following circumstances:

> (1) the plea "was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily"; (2) the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland,* [], and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea. Although manifest injustice may exist in the absence of a constitutional violation . . . "[w]here there is a denial of due process, there is a 'manifest injustice' as a matter of law."

Crowe, 168 S.W.3d at 742-43 (internal citations and footnotes omitted). The burden is on the defendant to establish manifest injustice requiring withdrawal of the guilty plea.

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution, guarantee defendants the right to counsel at all critical stages in the criminal justice process. See Gideon v. Wainwright, 372 U.S. 335, 342 (1963) (holding that Sixth Amendment right to counsel in criminal proceedings applies to states through Fourteenth Amendment); State v. Blye, 130 S.W.3d 776, 780 (Tenn. 2004) (holding that both the Sixth Amendment and Article I, section 9 of the Tennessee Constitution guarantees the right to counsel at critical stages of the proceedings "where counsel's absence might derogate from the accused's right to a fair trial"); State v. Butler, 795 S.W.2d 680, 685 (Tenn. Crim. App. 1990). A "critical stage" is any stage where a substantial right of an accused may be affected and can arise in pre-trial as well as post-trial proceedings. See Mempa v. Rhay, 389 U.S. 128, 134 (1967); Johnston v. Mizell, 912 F.2d 172 (7th Cir. 1990) (post-trial *motion* for new trial critical stage in criminal proceedings); Menefield v. Borg, 881 F.2d 696 (9th Cir. 1989) (post-trial *motion* for new trial critical stage requiring counsel or valid waiver); Wallace v. State, 121 S.W.3d 652, 658 (Tenn. 2003) (recognizing that motion for new trial is a critical stage of the proceedings because it allows the defendant to preserve and pursue the available post-trial remedies). It also occurs when "the accused is confronted with 'the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law,' see Kirby v. Illinois, 406 U.S. 682 (1972), and at which counsel is 'necessary to preserve the defendant's basic right to a fair trial.'" See Tenn. Criminal Trial Practice § 8:2 (2017-2018 ed.) (citing Coleman v. Alabama, 399 U.S. 1 (1970)).

2

Within 30 days of his plea, the Petitioner filed a motion to withdraw his guilty plea based on actual innocence and coercion to enter the plea by his attorney. Once the trial court reviewed the Petitioner's motion to withdraw guilty plea and determined that it provided sufficient facts requiring a hearing, counsel should have been appointed or valid waiver determined because the Sixth Amendment "protect[s] the unaided layman at critical confrontations with his expert adversary, the government, after the adverse position of the government and defendant have solidified with respect to a particular alleged crime." State v. Downey, 259 S.W.3d 723, 733 (Tenn. 2008) (citation omitted) (internal quotation marks omitted). The hearing on the motion to withdraw involved extensive questioning of the Petitioner by the court as well as testimony from the Petitioner's attorney during which the Petitioner was obliged to cross-examine without the benefit of counsel. The trial court did not inquire whether the Petitioner intended to waive his right to counsel or whether he desired the assistance of appointed counsel. See State v. Northington, 667 S.W.2d 57, 60 (Tenn. 1984) ("The constitutional right to represent oneself can be asserted, but only after a defendant both knowingly and intelligently waives the valuable right to assistance of counsel.) The hearing included introduction of evidence and a legal determination of whether a guilty plea was valid. As such, it clearly affected the Petitioner's substantial rights and thus qualified as a critical stage of the proceedings. Because the hearing was a critical stage of the proceeding involving the Petitioner's substantial rights, the trial court was required to advise the Petitioner of his right to counsel or determine if the right to counsel had been constitutionally waived by the Petitioner. See Tenn. Rules Crim. Pro. 44.

My conclusion is bolstered by the courts of Alabama, Florida, Georgia, and Oklahoma, all of which hold that a post-sentencing motion to withdraw a guilty plea is a critical stage at which the Sixth Amendment right to counsel attaches. See Ducker v. State, 986 So. 2d 1224, 1229 (Ala. 2007) (holding that a post-sentencing motion to withdraw a guilty plea is a critical stage in the proceedings at which the right to counsel attaches); Tipler v. State, 149 So. 3d 1192, 1194 (Fla. Dist. Ct. App. 2014) (same); Fortson v. State, 532 S.E.2d 102, 104 (2000) (because the post-sentencing motion to withdraw hearing filed within 30 days after sentencing included introduction of evidence, advocacy by the prosecutor, and a determination of whether the guilty plea was valid, it clearly affected the petitioner's substantial rights and thus qualified as a critical stage); Randall v. State, 861 P.2d 314, 316 (Ok. Crim. App. 1993) ("Undoubtedly the prosecutor is always involved at an evidentiary hearing on an Application to Withdraw Guilty Plea. Furthermore, witnesses can be called and cross examined, and legal issues are addressed and argued. Couple this with the fact that the evidentiary hearing is a necessary step in securing and preserving a defendant's appeal of right, it appears clear that the hearing is a 'critical stage' invoking a defendant's right to counsel."); see also State v. Jackson, 874 P.2d 1138, 1142 (Kan. 1994) (holding that post-sentence motion to withdraw guilty plea critical stage only under certain circumstances); State v. Obley, 798 N.W.2d 151, 157 (Neb. Ct. App. 2011) (holding that the hearing on appellant's motion to withdraw his plea

3

was a critical stage but failing to distinguish between pre-and post-sentencing motions); Beals v. State, 802 P.2d 2 (Nev. 1990) (same).

In addition to the above sister-state authority, the United States Supreme Court has held that the Due Process and Equal Protection clauses require the appointment of counsel for indigent defendants, convicted on their guilty pleas, who seek access to first-tier appellate review in state courts. Halbert v. Michigan, 545 U.S. 605, 616-24 (2005); see Douglas v. California, 372 U.S. 353, 357 (1963) (holding that in first appeals as of right, States must appoint counsel to represent indigent defendants). Once a State provides appellate review of criminal convictions, "a State may not 'bolt the door to equal justice' to indigent defendants." Id. at 610 (quoting Griffin v. Illinois, 351 U.S. 12, 24 (1956) (Frankfurter, J., concurring in judgment)). Because criminal defendants who enter a guilty plea have a right to counsel when seeking first-tier appellate review in state courts, it seems counterintuitive that they would not also have a right to counsel, based on due process and equal protection grounds, when seeking to withdraw a guilty plea following sentencing in the trial court.

I find the cases relied upon in the dissent factually distinct in that they spring from States that do not limit a defendant's ability to file post-sentence motions to withdraw guilty pleas to 30 days following entry of judgment. See State v. Peele, 58 S.W.3d 701 (Tenn. 2001) (a trial court's judgment becomes final 30 days after entry). These States, unlike Tennessee, permit defendants to file motions to withdraw guilty pleas liberally, long after their convictions have become final, which appears to be the court's basis for denial. See State v. Hartshorn, 235 P.3d 404, 408 (Idaho Ct. App. 2010) (post-judgment hearing upon a motion to withdraw a guilty plea filed while his appeal was pending from orders denying a motion to reduce sentence is not a critical stage for purposes of the Sixth Amendment); State v. Garner, 36 P.3d 346, 356 (Mont. 2001) (a motion to withdraw a guilty plea *filed four years after sentencing and almost three years after the conclusion of post-conviction proceedings* was not a critical stage of the proceedings); State v. Winston, 19 P.3d 495, 497-99 (Wash Ct. App. 2001) (post-judgment hearing on a motion to withdraw a guilty plea filed *two days after the statutory one-year limit* for collateral attack on such motions was not a critical stage of proceedings for Sixth Amendment purposes). I also find Gilbert v. Hudson, a memorandum opinion and order, unpersuasive as it concerned a petition seeking federal habeas corpus relief. Gilbert v. Hudson, No. 1:08 CV 1867, 2009 WL 3246978 (N.D. Ohio, Eastern Division, 2009). Moreover, as to the substance of the opinion, I disagree based on the authority set forth above.[1]

---

[1]Briefly, a 1983 amendment to former Fed. R. Crim. P. 32(e) stripped away the reference to the right to withdraw a guilty plea after sentence and provided that at that point a plea can be set aside only on direct appeal or by collateral attack (i.e. by motion under 28 U.S.C.A. 2255). Pursuant to 18 U.S.C. § 3006A(g), any person "seeking relief under section 2241, 2254, or 2255 of title 28 or section 4245 of title 18 may be furnished representation . . . whenever . . . the interests of justice so require and such person is financially unable to obtain representation." Accordingly, although there is no longer a federal analogue

4

Finally, this issue cannot be remedied by the hearing at the post-conviction stage as intimated by the lead opinion. Although the post-conviction court reviewed this issue at the hearing, the Petitioner's Sixth Amendment right to counsel, absent waiver, extends to the preparation, filing, and consideration of the post-sentencing motion to withdraw. See Fortson, 532 S.E.2d at 104 (collection of federal and state cases holding that the Sixth Amendment right to assistance of counsel attaches to the preparation and presentation of a motion to withdraw a guilty plea); Tipler, 149 So. 3d at 1194 (same). The success or failure of a post-sentencing motion to withdraw a guilty plea hinges upon legal intricacies not easily understood by a pro-se petitioner. In my view, a hearing or "airing out" of the issue at the post-conviction hearing only compounds the initial error and renders any subsequent relief hollow. Accordingly, because the Petitioner was deprived of his Sixth Amendment right to counsel during a critical stage of judicial proceedings, I would reverse the judgment of the post-conviction court and vacate its order denying relief. I would also reverse and vacate the trial court's order denying the Petitioner's post-sentence motion to withdraw his guilty plea and remand for a new evidentiary hearing in that matter following the appointment of counsel or constitutional waiver thereof.

_____
CAMILLE R. MCMULLEN, JUDGE

to the more stringent "manifest necessity standard" of our Rule 32(f), federal courts provide counsel in challenges to post-judgment withdrawal of guilty pleas on direct appeal and post-conviction matters.