# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1287

_____

ALLAN MICHAEL HAMILTON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Marianne L. Aho, Judge.

November 1, 2019


PER CURIAM.

We reject Appellant's claim that he is entitled to a new hearing on his motion to withdraw his open plea to aggravated battery with actual possession and discharge of a firearm under 10-20-Life. He represented himself at trial, and decided to plead guilty before the State completed its case in chief. The trial court appointed counsel for plea proceedings, and conducted an exceedingly thorough colloquy, informing Appellant multiple times that he was subject to a mandatory-minimum sentence of 25 years, and up to life in prison. Appellant signed a plea form again acknowledging that no one, including his lawyer, had promised him any specific sentence; and that he entered the plea willingly and without the influence of any physical, mental, emotional, or

medication-related barriers to a full understanding of the plea agreement.

After being sentenced to the 25-year minimum-mandatory term, Appellant moved to withdraw his plea for several reasons including misinformation from the attorney representing him for the plea. His attorney refused to adopt the motion to withdraw plea, so Appellant asked to discharge counsel. The trial court conducted a *Nelson* hearing and a *Faretta* inquiry, at which Appellant's attorney refused to contradict Appellant and reiterated that Appellant had entered the plea against advice of counsel. The trial court found Appellant competent to represent himself on the motion to withdraw plea. At that hearing, the State demonstrated that Appellant's claims were refuted by the plea colloquy and plea agreement; and introduced jail calls in which Appellant indicated he was moving to withdraw his plea to game the system. Appellant's plea counsel did not testify. The court denied the motion to withdraw the plea.

On these facts, the trial court did not err in failing to appoint new counsel for Appellant's motion to withdraw plea. Each of Appellant's allegations of ineffective counsel or involuntariness of plea was conclusively refuted by the record. *See, e.g., Flemming v. State*, 204 So. 3d 950, 952 (Fla. 1st DCA 2016) (holding that failure to hold a conflict hearing is harmless where the record conclusively refutes defendant's allegations); *Davis v. State*, 938 So. 2d 555, 557 (Fla. 1st DCA 2006) ("An appellant is not entitled to go behind sworn representations made to the court."). Appointed counsel's refusal to adopt Appellant's meritless motion was proper, did not lead to entry of the plea, and was not grounds for a new hearing. *Flemming*, 204 So. 3d at 952; *cf. Sheppard v. State*, 17 So. 3d 275, 287 (Fla. 2009) (holding conflict hearing is required when defendant's allegations are *not* conclusively refuted by the record and the allegations led to entry of the plea).

AFFIRMED.

WOLF, KELSEY, and WINOKUR, JJ., concur.

2

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Susanne K. Sichta, Rick A. Sichta, and Joseph Hamrick, of the Sichta Firm, LLC, Jacksonville, for Appellant.

Ashley Moody, Attorney General, and Tabitha Herrera, Assistant Attorney General, Tallahassee, for Appellee.