DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LOUIS MASIELLO, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1638

[June 1, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Caroline Shepherd, Judge; L.T. Case Nos. 50-2015-CF-003979-AXXX-MB, 50-2015-CF-003927-AXXX-MB, and 50-2015-CF-012443-BXXX-MB.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Louis Masiello, Jr. appeals his conviction and sentence, raising several arguments on appeal. We affirm on all issues, writing only to address Appellant's claim that the trial court erred by failing to provide Appellant with the opportunity to have conflict-free counsel appointed to represent him on his *pro se* motion to withdraw plea.

**Background**

In 2015, Appellant was charged with multiple drug-related offenses in three separate cases. In late 2017, Appellant entered into a negotiated plea agreement wherein he agreed to plead guilty as charged on all counts. Pursuant to the terms of the plea agreement, Defendant was released on bond but was required to return for a scheduled sentencing hearing, where he was to be sentenced to an agreed-upon sixty months in prison with jail credit for 130 days. The terms of the plea agreement further stated if Appellant failed to appear at the sentencing hearing, the trial court had

the discretion to sentence Appellant to any lawful sentence permitted under the criminal punishment code.

During the plea colloquy, the trial court explained the consequences Appellant would face if he failed to appear at the sentencing hearing, to which Appellant confirmed he understood:

> THE COURT: You look absolutely fine, but I'm required to ask, as you stand before the Court are you under the influence of alcohol and drugs?
>
> DEFENDANT: No.
>
> THE COURT: Are you satisfied with the services of your attorney?
>
> DEFENDANT: Yes.
>
> . . . .
>
> THE COURT: [Defendant], I have in my hands a written plea agreement, on page two of which appears to be your signature. Is that in fact your signature?
>
> DEFENDANT: (No audible response).
>
> THE COURT: You have to answer out loud.
>
> DEFENDANT: Yes.
>
> THE COURT: I also have what's called a waiver of rights sheet which lists the rights you have but give up by entering into the agreement. Next to each of the rights appears the initials L.M. Are those your initials and has your attorney gone over those rights with you?
>
> DEFENDANT: Yes.
>
> THE COURT: One of the questions of the lawyers – I think I know the answer – I understand if he complies with the agreement he gets five years on all the felonies concurrently with the credit outlined. And I assume on the misdemeanor, it's one year with credit?

2

DEFENSE COUNSEL: Time served.

THE COURT: Or time served.  Okay.  Now, here's the deal, [Defendant].  I have no reason to believe you would fail to appear in court, but I must caution you.  By my calculation, you're charged – or pleading guilty to – one, two, three, four, five, six, seven, eight, nine – ten felonies, some of which carry up to fifteen years in prison, some five.  **The agreement is clear.  If you show up in court the judge is required to sentence you to five years with the credit you have.  If you fail to appear in court[,] the judge's discretion ... is very wide.  Meaning [the judge] could literally sentence you to up to a hundred and eleven years in jail; or in prison, if you fail to appear.**  So even though one does not want to give up their freedom, we have had cases – most people show up.  But we have had cases where people have not.  And I'm aware of one particular case – and I'm not making up this story – where somebody was facing five years if they returned.  The person did not.  The judge sentenced the person to over fifty years in prison.  He appealed.  And the Appellate Court upheld the sentence saying that was the deal.  **So you understand the risk if you fail to appear for sentencing?**

**DEFENDANT: Yes.**

. . . .

THE COURT: Okay.  Other than what the Prosecutor outlined, other than what is on the written plea sheet you signed, and other than anything I have said, has anybody promised you anything else, coerced you, or threatened you in any way to get you to enter the pleas?

DEFENDANT: No.

(Emphasis added).  Upon conclusion of the colloquy, the trial court accepted the plea agreement and scheduled a sentencing hearing.

After a twenty-month delay attributable to the trial court granting Appellant two continuances due to Appellant's wife's illness, a sentencing hearing was set for October 24, 2019.  Without notice, Appellant failed to appear at the hearing.  Consequently, the trial court issued a bench warrant for his arrest.  The following month, Appellant was located and

arrested in Okeechobee County and transported back to Palm Beach County.

Prior to the long-delayed sentencing hearing, Appellant filed a *pro se* motion to withdraw plea before sentencing and a memorandum of law in support (collectively "the *pro se* motion to withdraw"). Appellant argued his plea was not made freely and voluntarily because his "counsel misadvised him that his written plea agreement would be to a straight (60) months" and that "[n]either trial counsel nor trial court advised [him] that his post plea release before sentencing was part of his written plea agreement." Appellant requested the trial court allow him to withdraw his guilty plea, or in the alternative, sentence him to the agreed-upon term of sixty months.

A hearing was held on the *pro se* motion to withdraw plea. At the start of the hearing, Appellant's defense counsel explained that if Appellant wished to proceed on the *pro se* motion to withdraw plea, defense counsel would need to withdraw his representation because the motion was predicated upon ineffective assistance of counsel. The trial court then asked Appellant whether he wanted to proceed on the *pro se* motion to withdraw plea, which led to a lengthy exchange wherein Appellant was apparently confused as to why he would need to make this decision before sentencing.

The trial court informed Appellant the case could not proceed to sentencing without a guilty plea. The trial court further noted that if Appellant chose to proceed on the *pro se* motion to withdraw plea, the defense counsel would need to be called as a witness and would therefore be unable to represent Appellant. Alternatively, if Appellant instead chose to withdraw the *pro se* motion to withdraw plea, he could retain defense counsel's representation and proceed to sentencing. The trial court did not inform Appellant that he could request representation by conflict-free counsel. Appellant ultimately retracted his *pro se* motion to withdraw plea and proceeded to the sentencing hearing. He was sentenced to ten years in prison.

## Analysis

On appeal, Appellant asserts the trial court erred because it failed to inform him that if he proceeded on his *pro se* motion to withdraw plea, he was entitled to conflict-free-counsel to represent him at the hearing. According to Appellant, the trial court misled him to believe that if he did not retract his *pro se* motion to withdraw plea, he would have to represent himself in a *pro se* capacity.

4

In addressing a motion to withdraw plea *before* sentencing pursuant to Florida Rule of Criminal Procedure 3.170(f)—as well as a motion to withdraw plea *after* sentencing pursuant to Florida Rule of Criminal Procedure 3.170(*l*)—we have noted the fact that such a motion is filed at a critical stage of a criminal proceeding which generally requires effective assistance of counsel. *See Roberts v. State*, 670 So. 2d 1042, 1045 (Fla. 4th DCA 1996); *Padgett v. State*, 743 So. 2d 70, 77 (Fla. 4th DCA 1999). In recognition of this fact, we have held that when a represented defendant files a *pro se* motion to withdraw plea, the proper procedure is for the trial court to automatically appoint conflict-free counsel to assist the defendant in redrafting and resubmitting the motion to withdraw plea. *See Kelly v. State*, 925 So. 2d 383, 386 (Fla. 4th DCA 2006); *Schriber v. State*, 959 So. 2d 1254, 1257 (Fla. 4th DCA 2007). Appellant cites to these pre-2009 opinions in support of his argument that he was entitled to conflict-free counsel.

However, in *Sheppard v. State*, 17 So. 3d 275 (Fla. 2009), our supreme court addressed *pro se* motions of this sort:

> [W]e outline the procedure trial courts should follow when a represented defendant files a pro se rule 3.170(*l*) motion based on allegations giving rise to an adversarial relationship such as counsel's misadvice, misrepresentation, or coercion that led to the entry of the plea. In these narrow circumstances, . . . the trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen *and the defendant's allegations are not conclusively refuted by the record*, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.

*Id.* at 286–87 (emphasis added). Shortly thereafter, in *Nelfrard v. State*, 34 So. 3d 221 (Fla. 4th DCA 2010), we held that, under *Sheppard*, "the trial court is not required to appoint conflict-free counsel unless both an adversary relationship exists *and* the defendant's allegations are not conclusively refuted by the record." *Id.* at 223 (emphasis in original). We further stated that even if the trial court "did not hold a hearing to determine adversity between defendant and counsel, the failure to conduct a hearing is at most harmless error, because *conflict-free counsel would not be required where defendant's allegations were conclusively refuted by the record*." *Id.* at 224 (emphasis added).

5

We note both *Sheppard* and *Nelfrard* discussed this newer procedure in the context of a *pro se* motion to withdraw plea *after* sentencing pursuant to rule 3.170(*l*), and did not mention whether this procedure is similarly applicable in the context of a *pro se* motion to withdraw plea *before* sentencing pursuant to rule 3.170(f). Despite this, we recognize the older procedure was applicable in both contexts; thus, it is reasonable this newer procedure would likewise be applicable to both contexts as well. After all, the fact that the *pro se* motion to withdraw plea is filed before sentencing, as opposed to being filed within thirty days after sentencing, is not pertinent to the legal question at issue—specifically, under what circumstances does a represented defendant, who files a *pro se* motion to withdraw plea based on ineffective assistance of counsel, become entitled to the appointment of conflict-free counsel.

Here, in Appellant's *pro se* motion to withdraw plea, he alleged his "counsel misadvised him that his written plea agreement would be to a straight (60) sixty months" and that "[n]either trial counsel nor trial court advised [him] that his post plea release before sentencing was part of his written plea agreement." These allegations are not only plainly unreasonable, but also are conclusively refuted by the record.

The plea conference transcript shows the trial court conducted an extensive colloquy, during which the trial court explained to Appellant that he was being released on the condition that he later appear at the scheduled sentencing hearing, where he would then receive a sixty-month sentence. The trial court then clearly detailed the consequences of failing to appear at the sentencing hearing and explained that Appellant's failure to appear could result in a much greater sentence. Because the trial court specifically and sufficiently informed Appellant of these terms and Appellant confirmed he understood, he cannot now argue he is entitled to withdraw his plea because the defense counsel purportedly advised him to the contrary. *See Nelfrard*, 34 So. 3d at 223 ("Where the court informs a defendant of his sentencing exposure, a defendant may not reasonably rely on a contrary representation by counsel."); *Scheele v. State*, 953 So. 2d 782, 785 (Fla. 4th DCA 2007) ("A plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads of the case. What is said and done at a plea conference carries consequences."); *Wendt v. State*, 19 So. 3d 1024, 1028–29 (Fla. 3d DCA 2009) (the defendant's motion to withdraw plea and appoint conflict-free counsel, based on claim she was under the erroneous impression she would not receive a sentence in excess of the original plea agreement, was "conclusively refuted" by the plea agreement and plea colloquy where she was advised of her maximum exposure).

Therefore, Appellant's argument that the trial court erred by not informing him that he was entitled to conflict-free counsel is meritless because the allegations raised in his *pro so* motion to withdraw plea are conclusively refuted by the record. Thus, he was not entitled to conflict-free counsel at this stage of the proceedings. Furthermore, to the extent Appellant argues the trial court erred by failing to hold a hearing to determine whether an adversarial relationship existed between Appellant and the defense counsel, this court has recognized that such error is harmless if the allegations raised in the *pro se* motion to withdraw plea are conclusively refuted by the record. *See Nelfrard*, 34 So. 3d at 224. Accordingly, we affirm.

## Conclusion

When a represented defendant files a *pro se* rule 3.170(f) motion to withdraw plea, the trial court is not required to appoint conflict-free counsel unless it determines: (1) that an adversarial relationship exists, and (2) the defendant's allegations are not conclusively refuted by the record. Here, the allegations raised in Appellant's *pro se* motion to withdraw plea were conclusively refuted by the record. On the trial court's failure to appoint conflict-free counsel, and all other issues raised on appeal, we affirm.

*Affirmed.*

DAMOORGIAN and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

7